IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DALE W. LASH, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 09-cv-3311 |
| DAVE REDNOUR, Warden,[1] | ) ) ) |
| Respondent. | ) ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

Murder, aggravated sexual assault, aggravated kidnapping, aggravated vehicular hijacking and endangering the health of a child.

Jury trial: guilty on all counts.

There followed six appeals – all denied.

This Petition for Habeas Corpus followed.

It is also Denied.

### I. BACKGROUND

---

[1] Dave Rednour, the current warden of the Menard Correctional Center, is substituted for former warden Donald Gaetz. Fed. R. Civ. P. 25(d).

On August 1, 1999, Lori Hayes was shopping with her infant daughter at the Shoe Carnival store in the Parkway Pointe Shopping Center in Springfield, Illinois.  During the afternoon, the Petitioner kidnapped Ms. Hayes and her baby, transporting them in Ms. Hayes's Jeep.  The Petitioner raped Ms. Hayes, and then shot her in the back of the head at point blank range, leaving her body in a cornfield southwest of Springfield.

The Petitioner then drove back to the shopping area, abandoning the Jeep in the parking lot of Parkway Pointe Cinema with the unattended baby inside.  Theater customers eventually heard the baby crying and called the police.  The infant was reunited with family, and Ms. Hayes's body was later recovered.

The Petitioner was convicted by a jury of first degree murder, aggravated criminal sexual assault, aggravated kidnapping, aggravated vehicular hijacking, and endangering the health of a child in the Circuit Court of Sangamon County, Illinois.  He was sentenced to death.[2]

---

[2] George Ryan, former Governor of Illinois, commuted Petitioner's death sentence to life imprisonment, without parole.

The Petitioner unsuccessfully pursued direct appeal in the Appellate Court of Illinois, Fourth District. *People v. Lash*, 356 Ill. App. 3d 1146 (2005) (table). The Petitioner also fruitlessly sought review by the Supreme Court of Illinois. *People v. Lash*, 217 Ill. 2d 581 (2005) (table). Finally, the Petitioner filed a Petition for Writ of Certiorari with the Supreme Court of the United States, which was denied on May 1, 2006. *Lash v. Illinois*, 547 U.S. 1116 (2006).

Thereafter, the Petitioner pursued state post-conviction remedies in the Circuit Court of Sangamon County. The Petitioner initially filed a state post-conviction motion on November 21, 2006. That motion was denied by the state Circuit Court, and the Petitioner filed an additional motion to vacate judgment on March 26, 2007. The second motion was also denied, and the Petitioner unsuccessfully appealed the denial of each motion to the Appellate Court of Illinois, Fourth District.

Finally, the Petitioner sought review of both post-conviction decisions in the Supreme Court of Illinois. The Supreme Court of Illinois denied both Petitions for Leave to Appeal on November 26, 2008. *People*

*v. Lash*, 229 Ill. 2d 682 (2008) (table) (Case No. 106965, Petition to Vacate Judgment); *People v. Lash* 229 Ill. 2d 682 (2008) (table) (Case No. 106978, Post-Conviction Motion). The mandate for each case issued on December 31, 2008.

The Petitioner signed and dated his Petition for this case[3] on November 23, 2009,[4] alleging fifty-eight grounds for relief. *See* Petition for Writ of Habeas Corpus [d/e 1, attachments 1-2].

The Court conducted a preliminary review of the Petitioner's voluminous file, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and determined that the petition appeared to be untimely. The Court ordered the Petitioner to show cause why his petition should not be dismissed. In the Order to Show Cause [d/e 6], the Court detailed why the petition appeared to be untimely, affording the Petitioner notice and the opportunity to respond. *See Day v. McDonough*, 547 U.S. 198,

---

[3] The Petitioner has another pending habeas before the Court. *See* Order to Show Cause [d/e 6], 4-5. The two habeas cases each derive from separate state convictions, and therefore do not represent second or successive petitions. *See Beyer v. Litscher*, 306 F.3d 504, 507-508 (7th Cir. 2002).

[4] *See Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (detailing prisoner "mailbox rule").

209-10 (2006). The Petitioner and the Respondent have both responded to the Order to Show Cause.

## II. TIMELINESS

### A. One-Year Limitation

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides, in part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petitioner has not relied upon a newly recognized

constitutional right that has been made retroactively applicable to cases on collateral review. Therefore, 28 U.S.C. § 2244(d)(1)(C) does not apply.

Although the Petitioner did not initially claim in his Petition that 28 U.S.C. §§ 2244(d)(1)(B) or (D) apply, he has now raised them in his Response to the Order to Show Cause [d/e 10].

The Petitioner claims in his Response that the actions of the State of Illinois have impeded him in filing his federal habeas petition. Specifically, the Petitioner claims that he was unable to file in this Court until November 26, 2008, because the Supreme Court of Illinois had not taken action on his two Petitions for Leave to Appeal. *See* Petitioner's Response to Order to Show Cause [d/e 10], 3.

This assertion is without merit. For state action to change the start date of the limitation period, the action must have been in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2244(d)(1)(B). The "impediment" the Petitioner complains of is his own responsibility to exhaust state remedies before filing a federal habeas

action. *See generally O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999) (detailing exhaustion requirements). Therefore, the delay was in compliance with federal law. Furthermore, the time spent exhausting state remedies is taken into account by the tolling provision contained at 28 U.S.C. § 2244(d)(2). *See* Part III.B. *infra*.

The Petitioner has also alleged in his Response that November 26, 2008, was the first day that the Petitioner could have discovered the factual basis for his claim. *See* Petitioner's Response to Order to Show Cause [d/e 10], 3. The Petitioner seems to be confusing receiving notice of exhaustion with obtaining the factual information necessary to prevail on the merits of a habeas claim. The "factual predicate" of a petitioner's claim, for the purposes of 28 U.S.C. § 2244(d)(1)(D), consists of the vital facts underlying those claims. *See McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007). Therefore, his argument is without merit because the information received in November 2008 was not the factual predicate of the claim, and consequently 28 U.S.C. § 2244(d)(1)(D) does not apply.

7

Accordingly, the provisions contained in 28 U.S.C. §§ 2244(d)(1)(B) - (D) do not apply. As a result, the only remaining provision is 28 U.S.C. § 2244(d)(1)(A) - the date on which the judgment became final by the conclusion of direct review.[5]

On direct appeal, the Petitioner unsuccessfully sought a writ of certiorari from the Supreme Court of the United States. Denials of petitions for certiorari take effect upon being issued. *See Horton v. United States*, 244 F.3d 546, 550-551 (7th Cir. 2001); Sup. Ct. R. 16.3. Therefore, the judgment became final on May 1, 2006, the day certiorari was denied.

### B. Tolling During State Post-Conviction Proceedings

There is a tolling provision that protects petitioners as they seek review in state post conviction proceedings. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

---

[5] It appears that the Petitioner erroneously believed that the one-year period began when the Supreme Court of Illinois denied the Petitions for Leave to Appeal related to state collateral review. The Petitioner's two Petitions for Leave to Appeal were denied on November 26, 2008, and the Petitioner signed and dated his Petition on November 23, 2009.

not be counted toward any period of limitation under this subsection."
28 U.S.C. § 2244(d)(2).

Although the time that the state post-conviction application is pending is tolled, the time to prepare the application is not tolled. Therefore, the period between May 2, 2006 and November 21, 2006, a period of 204 days, is not tolled.

To determine when the state post-conviction proceedings ended, the Court looks to state law. *See Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). In Illinois, finality occurs on the day the reviewing court enters judgment. *See PLS Realty Co. v. Granite Inv. Co.*, 86 Ill. 2d. 291, 304-05 (1981). Therefore, the post-conviction proceedings ended on November 26, 2008, when the Supreme Court of Illinois denied review of the Petitioner's two state post-conviction motions.[6]

### C. Petitioner Exceeded One-Year Limitation

The Petitioner filed his application after the one-year period had

---

[6] There is no need to calculate additional time to apply for a writ of certiorari, because seeking Supreme Court review of state post-conviction proceedings does not toll the limitation period. *See Lawrence v. Florida*, 549 U.S. 327, 331-333 (2007).

expired. There are two spans that tally against the one-year period: (1) between May 2, 2006 and November 21, 2006, and (2) between November 27, 2008 and November 23, 2009.[7]

Combined, the Petitioner accumulated 567 days of untolled time before he signed and dated his Petition. That is 202 days after the limitation period had expired. Therefore, the Petition is untimely.

**D. Equitable Tolling**

Courts may apply the doctrine of equitable tolling to excuse the untimely filing of a habeas corpus petition. *Holland v. Florida*, 560 U.S. ---, --- (June 14, 2010) (slip op., at 12). "In deciding that the AEDPA limitations period should be equitably tolled, the district court must determine that the petitioner has pursued his rights diligently and extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Petitioner fails to demonstrate any extraordinary circumstances

---

[7] The portion between November 22, 2006 and November 26, 2008 is not counted because of the pendency of state collateral proceedings.

impeding his filing that would justify the application of equitable tolling.[8] Furthermore, the Petitioner did not pursue his rights diligently, as he delayed filing his Petition until the eve of what he erroneously believed was the deadline. Therefore, the Petitioner fails to meet the standard set out in *Simms* and *Pace*.

The Supreme Court has recently stated that the doctrine of equitable tolling is to be applied on a case-by-case basis, and that instead of focusing on mechanical rules, the analysis should be flexible. *Holland*, 560 U.S. at ---, (slip op., at 17). The Supreme Court noted that this flexible approach allows courts to tackle new situations and provide relief to particular injustices. *Id.* (citing *Hazel-Atlas Glass Co. V. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944)).

In the case at bar, the Petitioner is unable to obtain equitable tolling, even under this very flexible standard. The Petitioner's untimely filing was caused by his inattentiveness, and therefore, the doctrine of

---

[8] The Petitioner does complain that he was not notified of the Supreme Court's decision until May 8, 2006, even though his Petition for Writ of Certiorari was denied on May 1, 2006. *See* Petitioner Response [d/e 10], 4. The one week delay is negligible, and does not warrant equitable tolling.

equitable tolling does not apply in this case.

### III. APPOINTMENT OF COUNSEL

The Plaintiff previously requested appointment of counsel, which was denied by the Court. *See* Motion for Appointment of Counsel [d/e 3]; Order to Show Cause [d/e 6], 11-12 (denying motion). The Court will again deny the Petitioner's motion.

There is no right to counsel in federal habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, the Court has broad discretionary power to appoint counsel if the interests of justice require. *See* 18 U.S.C. § 3006A(a)(2)(B). The Court finds that the interests of justice do not require the appointment of counsel.

### IV. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to an applicant." Rule 11(a), Rules Governing Section 2254 Cases. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Supreme Court has given the following guidance regarding certificates of appealability when petitions are denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of availability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court went on to note that when a district court disposes of a case because of a plain procedural bar, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

This case presents a straightforward procedural issue: whether the Petition was timely. Reasonable jurists would not dispute the untimeliness of the Petition. Therefore, the Court will not issue a certificate of appealability. If the Petitioner wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

## V. CONCLUSION

*Ergo*, the Petition for a Writ of Habeas Corpus [d/e 1] and the Petitioner's Motion for Appointment of Counsel [d/e 9] are DENIED.

The Court DECLINES to issue a Certificate of Appealability.

The Clerk is directed to notify the Petitioner.

IT IS SO ORDERED.

ENTER: June 28, 2010

FOR THE COURT:

                                                  s/Richard Mills
                                                  United States District Judge